**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**CHANDRA TAYLOR**                                                                                         **PLAINTIFF**

**V.**                                             **NO.: 3:13CV90-MPM-SAA**

**AMS SERVICING, ET AL.**                                                         **DEFENDANTS**

**Memorandum Opinion**

This cause comes before the court on numerous motions by multiple defendants in this action. The following motions are pending before the court:

> Doc. 7- Motion to Dismiss by Realty Title & Escrow Co.
> Doc. 33- Motion to Dismiss by Equifirst Corp.
> Doc. 38- Motion to Dismiss by Ocwen Loan Servicing, LLC.
> Doc. 41- Motion to Dismiss Amended Complaint by Equifirst Corp.
> Doc. 42- Motion to Dismiss by Shapiro & Massey, LLC.
> Doc. 52- Motion to Consolidate Cases by Ocwen Loan Servicing, LLC.

The plaintiff, proceeding *pro se,* has filed claims in regards to the foreclosure of her home, and has previously filed a Notice of Voluntary Dismissal [Doc 50] of this lawsuit.[1] The court reopened the case pursuant to Rule 41 of the Federal Rules of Civil Procedure.

The plaintiff also filed a lawsuit in the Northern District of Mississippi on June 19, 2012, alleging similar causes of action regarding the same subject property and loans. *See Chandra Taylor v. Ocwen Loan Servicing, LLC, et al*, 2:12cv107-SA. AMS Servicing and Lex Special Assets LLC, are defendants in the present lawsuit but were not listed as defendants in the first action. Otherwise, all the parties are the same in both lawsuits filed by Ms. Taylor.

---

[1] The court liberally construes the pleadings filed by a *pro se* plaintiff. However, the court is not required to search for, or try to create, causes of action for the plaintiff.

Judge Aycock dismissed plaintiff's federal claims with prejudice by an order dated February 7, 2013 but did not exercise jurisdiction over the state law claims contained in the complaint. After reconsidering her order, Judge Aycock also dismissed plaintiff's state law claims with prejudice pursuant to Fed. R. Civ. Pro. 12(b)(6) on January 24, 2014.

For the reasons stated below, plaintiff's cause of action is dismissed with prejudice and this case is closed.

Ms. Taylor uses boilerplate terms and language throughout her complaint to allege numerous claims against the defendants. The claims include: R.I.C.O. Act violations, consumer rights violations, contract violations, Sherman Anti-Trust Violations, FDCA Violations, I.R.S. Tax Law Violations, Title of Nobility Violations, I.S.A. Violations, DBA Violations, 1792 Coinage Act Violations, and Theft of Stolen Property among others.

A plaintiff must plead "enough facts to state a claim for relief that is plausible on its face." *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A complaint that merely "tenders naked assertions devoid of further factual enhancement" will not suffice under Rule 12(b)(6). *See Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (internal quotation marks, alterations and citation omitted).

The pleadings in this case are not "enough to raise a right to relief above the speculative level." *Twombly*, at 555. Although Ms. Taylor was granted an opportunity to amend her complaint, the pleadings do not satisfy the requirements to survive a motion to dismiss under Rule 12 of the Federal Rules of Civil Procedure.

Ms. Taylor's earlier suit in this court raised the same issues and included similar parties as the present action. Further, Ms. Taylor received confirmation of her Chapter 13 Bankruptcy Plan on May 15, 2007. The Bankruptcy plan identified the loans that are at issue in this lawsuit

as secured claims against her bankruptcy estate. Plaintiff did not contest or dispute her obligation under the loans, or identify any contingent or unliquidated claims against any of the defendants. Therefore, even assuming Ms. Taylor was able to raise a right to relief in her pleadings, her claims would be barred by *res judicata.*[2]

Accordingly, all defendants are dismissed with prejudice and a separate order shall be issued pursuant to Fed. R. Civ. P. 58.

IT IS SO ORDERED THIS THE 30th day of January, 2014.

                                          **/s/ MICHAEL P. MILLS**
                                          **CHIEF JUDGE**
                                          **UNITED STATES DISTRICT COURT**
                                          **NORTHERN DISTRICT OF MISSISSIPPI**

---

[2] The court does not address each element of res judicata due to the dismissal of plaintiff's claims as stated above.